Nash, C. J.
 

 The action is brought on a conditional bond. The condition is as follows:
 
 “
 
 The conditions of the above
 
 *446
 
 obligation is sucb, that David Simpson and David Cuthbert-son, have paid money for John Long, as securities on several bonds and sundry executions; we, John Long and Jacob long, are held and firmly bound to the said D. Simpson and T). Outlibortson, to pay all the just claims, receipts or executions, that they can produce, on or before the death of Jacob Long, to be paid out of John Long’s distributive share of his lather’s estate. Signed, “John Long,” “Jacob Long,” each with a seal attached. The case states that the plaintiffs had paid, as sureties, before the death of Jacob Long, the sum of $$78,58.
 

 The only question which is presented to ns is, as to the proper construction of that portion of the condition which relates to the production of their just claims, receipts and executions, on or before the death of Jacob Long, the father of John Long, of whom the defendant, Henry Long, is the executor. From a part of the case, it appears that the defence below was rested on the fact, that these evidences of debt, were not produced to Jacob Long before his death.
 

 Ilis Honor instructed the juiy, that the plaintiffs were entitled to recover from the defendant all sums of money which they had paid for John Long, as his sureties, before the death of Jacob Long. In this construction of the obligation, we entirely'' concur. There is nothing in the instrument, showing that these evidences of payment were to be produced to Jacob Long during his life. The true meaning was, that Jacob Long was to repay to the plaintiffs all such money as they should pay for his son John, during his (Jacob’s) life. He was not willing to hind himself for payments made after his death,
 

 Ekk Oubiam. Judgment affirmed.